SETH H. ROW, OSB No. 021845
seth.row@stoel.com
CAMERON C. ZANGENEHZADEH, OSB No. 212756
cameron.zangenehzadeh@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone: 503.224.3380

*Attorneys for Plaintiff Blaze Cone Company*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BLAZE CONE COMPANY, | Case No.: 3:25-cv-01912-AN |
| Plaintiff, | **JOINT MOTION TO STAY PROCEEDINGS** |
| v. | |
| CHUBB INDEMNITY INSURANCE COMPANY, | |
| Defendant. | |

## LR 7-1 CERTIFICATION

In accordance with LR 7-1(a), counsel for Plaintiff Blaze Cone Company ("Plaintiff") certifies that it has conferred with counsel for Defendant Chubb Indemnity Insurance Company ("Defendant"), and Defendant does not oppose, and joins in, this motion.

## MOTION

Plaintiff and Defendant jointly move the Court to enter a stipulated order staying all proceedings in this matter through the completion of the parties' April 14, 2026, mediation,

Page 1 –    JOINT MOTION TO STAY PROCEEDINGS
151688391.1 0083464-00001

striking all current deadlines, and suspending further litigation activity to permit the parties to focus on good-faith efforts to resolve this dispute. By filing this motion, the parties do not waive any objections, defenses, or claims they may have in this action or otherwise. The Court has jurisdiction over this matter under 28 U.S.C. § 1332.

## MEMORANDUM OF LAW

### I. INTRODUCTION

This case concerns an insurance coverage dispute arising from a fire at Plaintiff's industrial property in Clackamas County, Oregon. Plaintiff submitted a claim for direct physical loss or damage to the property and subsequently filed this action asserting claims for breach of contract, breach of the duty of good faith and fair dealing, negligence per se, and declaratory judgment. The parties are actively engaged in settlement efforts and have scheduled a private mediation for April 14, 2026. To promote the efficient and potentially complete resolution of this case without unnecessary litigation expense, the parties jointly request that the Court stay all proceedings pending completion of the mediation.

### II. BACKGROUND

On September 5, 2025, Plaintiff filed this action against Defendant in the Circuit Court of the State of Oregon for Multnomah County. ECF No. 1. Defendant thereafter removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441. *Id*. Plaintiff filed its First Amended Complaint on November 10, 2025, and Defendant filed its Answer on November 21, 2025. ECF Nos. 9, 10. The parties participated in a Rule 26(f) conference on December 11, 2025, and subsequently filed a Joint Rule 26(f) Report and Discovery Plan. ECF No. 12. On January 6, 2026, the Court entered a Scheduling Order adopting the parties' proposed deadlines. ECF No. 14.

In discussing alternative dispute resolution, the parties determined that mediation would be appropriate in this matter. The parties have since agreed to pursue private mediation and have scheduled that mediation for April 14, 2026. The parties believe that temporarily pausing litigation activity while mediation proceeds will conserve party and judicial resources, avoid unnecessary discovery and expert expenses, and maximize the likelihood of resolving this case without further court intervention.

### III.  ARGUMENT

"A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In deciding whether to grant a stay, courts consider: (1) prejudice to the non-moving party; (2) the balance of the parties' competing interests; and (3) judicial economy. *Id.*

Each of these factors favors granting the requested stay. First, because this is a joint request, neither party will suffer prejudice from a temporary stay while mediation proceeds. Both parties have agreed that pausing litigation activity during this period is in their mutual interest. Second, the balance of hardships strongly favors a stay. Continuing with discovery, expert work, and motion practice while the parties are actively preparing for and participating in mediation would impose significant and potentially unnecessary costs on both sides. Third, a stay will conserve judicial resources. Mediation may resolve the case in whole or in part, thereby eliminating or substantially narrowing the issues before the Court and reducing or obviating the need for further motion practice, discovery disputes, and trial preparation. A temporary stay tied to a concrete ADR event—the parties' April 14, 2026, mediation—promotes

efficiency, fairness, and the strong federal policy favoring the resolution of disputes through settlement.

## IV.  CONCLUSION

For these reasons, Plaintiff and Defendant respectfully request that the Court enter an order staying all proceedings in this action through April 28, 2026, striking all current deadlines, and directing that, if the case is not resolved at mediation, the parties shall file a joint Rule 16/26(f) status report within fourteen (14) days after the mediation advising the Court whether further scheduling is necessary.

DATED: January 16, 2026        STOEL RIVES LLP


*s/ Cameron C. Zangenehzadeh*
SETH H. ROW, OSB No. 021845
seth.row@stoel.com
CAMERON C. ZANGENEHZADEH, OSB No. 212756
cameron.zangenehzadeh@stoel.com

*Attorneys for Plaintiff Alder Street Housing Partners Limited Partnership*

COZEN O'CONNOR


*s/ Paul Ferland*
JODI A MCDOUGALL, OSB 172703
jmcdougall@cozen.com
PAUL FERLAND, *Pro Hac Vice*
PFerland@cozen.com

*Attorneys for Defendant Chubb Indemnity Insurance Company*